**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JUAN VANEGAS,

    Plaintiff,

v.

AGRAZ AND RAIGOZA, LLC
ODANEL FLORES, and
JESUS RAIGOZA,

    Defendants.

_____

**COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Complaint for Unpaid Wages against the above-listed Defendants.

**STATEMENT OF THE CASE**

1. Plaintiff was employed by Defendants as an hourly employee at Defendants' Mexican restaurant in Durango, Colorado.

2. Defendants refused to pay Plaintiff for all hours worked, and failed to provide Plaintiff with required rest periods.

3. Though Plaintiff sent a written demand for payment of all hours worked for Defendants, Defendants refused to pay him the wages he is due.

4. Defendants thus violated the Colorado Wage Claim Act (the "CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*; the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act (the "CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7

C.C.R. 1103-1.

5. Defendants violated the CWCA because that Act requires employers to pay their former employees all their earned and vested wages upon termination of the employment relationship.

6. Defendants violated the FLSA because that Act requires employers to pay their employees for all hours worked and one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

7. Defendants violated the CMWA because that Act requires employers to pay their employees for all hours worked and one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and for each hour worked beyond twelve each workday. Defendants also violated the CMWA because that Act requires employers to provide employees with rest periods during their work days.

8. Plaintiff seeks actual damages, liquidated damages, penalties and attorney fees and costs for Defendants' violations of the CWCA, FLSA, and CMWA.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Juan Vanegas was employed by Defendants from approximately June, 2016 through approximately September, 2019. Plaintiff Vanegas' signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

10. Defendant Agraz and Raigoza, LLC is a registered Colorado company which operates Defendants' Mexican restaurant in Durango and which has a principal street address of 2850 Main Ave., Durango, Colorado 81031.

11. Upon information and belief, Defendant Odanel Flores is an owner and manager of the restaurant.

12. Defendant Jesus Raigoza is an owner and manager of the restaurant.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

14. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims under the CWCA and the CMWA pursuant to 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

16. Defendants employed Plaintiff as a server paid on an hourly basis in Defendants' Mexican restaurant in Durango, Colorado.

17. Defendants stole wages from Plaintiff by deleting hours from Plaintiff's paychecks.

18. For example, during the two-week pay period running from May 14, 2018 through May 27, 2018, Plaintiff Vanegas worked 106.7 hours, but Defendants only paid him for 92 hours of work. Similarly, during the two-week pay period running from August 20, 2018 through September 2, 2018, Plaintiff Vanegas worked 98.71 hours, but Defendants only paid him for 87 hours of work. Defendants trimmed hours from Plaintiff's paychecks throughout his employment.

19. Defendants also failed to provide Plaintiff with required 10-minute rest periods during his shifts.

20. On December 20, 2019, Plaintiff sent Defendants a written demand for the wages he is due. As of the date of this filing, Defendants have not tendered any

payment in response to Plaintiff's demand for wages due.

21. At all times relevant to this action, Defendants employed persons, including Plaintiff, within the State of Colorado.

22. At all times relevant to this action, Plaintiff performed restaurant labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff was to perform.

23. Plaintiff handled food and other restaurant cleaning and food service materials which moved in interstate commerce each year relevant to this action.

24. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

25. Defendant Odanel Flores, at all material times, exercised operational control and financial control over the Mexican restaurant and exercised control over the terms and conditions of employment of his employees. For example, Defendant Flores hired Plaintiff Vanegas and, upon information and belief, participated in the decision to trim hours from Plaintiff's paycheck and to deny him rest periods.

26. Defendant Jesus Raigoza, at all material times, exercised operational control and financial control over the Mexican restaurant enterprise and exercised control over the terms and conditions of employment of his employees. For example, Defendant Raigoza set his employees' schedules and participated in the decision to trim hours from Plaintiff's paycheck and to deny Plaintiff rest periods.

**FIRST CLAIM – Failure to Pay All Earned, Vested and Determinable Wages
Upon Termination of the Employment Relationship
<u>Violation of the CWCA (Colo. Rev. Stat. §§ 8-4-101, *et seq.*)</u>**

27. Plaintiff repeats and realleges each of the above allegations as if fully set

forth herein.

28. Plaintiff asserts this count against Defendant Agraz and Raigoza, LLC (the "corporate Defendant").

29. The corporate Defendant was Plaintiff's "employer" as that term is defined by the CWCA because it employed Plaintiff in Colorado. Colo. Rev. Stat. § 8-4-101(6).

30. Plaintiff was the corporate Defendant's "employee" as that term is defined by the CWCA because he performed labor for the benefit of the corporate Defendant in which the corporate Defendant commanded when, where, and how much labor or services would be performed. Colo. Rev. Stat. § 8-4-101(5).

31. The corporate Defendant violated the CWCA when it failed to pay Plaintiff all earned, vested and determinable wages and incurred CWCA penalty liability when it failed to pay the wages due within 14 days after Plaintiff sent his written demand for wages. Colo. Rev. Stat. § 8-4-109.

32. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

33. Plaintiff is entitled to recover in a civil action all earned, vested and determinable wages due, statutory penalties and attorney fees and costs of suit. Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

### SECOND CLAIM – Failure to Pay for All Time Worked
### Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

34. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

35. Plaintiff asserts this count against Defendant Agraz and Raigoza, LLC (the

"corporate Defendant").

36. The corporate Defendant was Plaintiff's "employer" as that term is defined by the MWO because it employed Plaintiff in Colorado.  7 C.C.R. 1103-1(2).

37. Plaintiff was the corporate Defendant's "employee" as that term is defined by the MWO because he performed labor for the benefit of the corporate Defendant in which the corporate Defendant commanded when, where, and how much labor or services would be performed.  7 C.C.R. 1103-1(2).

38. The corporate Defendant employed Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the MWO.  7 C.C.R. 1103-1(2)(C).

39. The corporate Defendant violated the CMWA, as implemented by the MWO, when it failed to pay Plaintiff for all time worked.  7 CCR 1103-1(2).

40. The corporate Defendant also violated the CMWA, as implemented by the MWO, by failing to provide Plaintiff with two ten-minute rest periods per shift. 7 CCR 1103-1(8).

41. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

42. Plaintiff is entitled to recover in a civil action wages owed to him, together with attorney fees and costs of suit.  Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### THIRD CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

43. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

44. Plaintiff asserts this count against all Defendants.

6

45. Plaintiff was an "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

46. Defendants "employed" Plaintiff as that term is defined by the FLSA. 29 U.S.C. § 203(g).

47. Defendants were Plaintiff's "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

48. Defendants violated the FLSA when they refused to pay Plaintiff overtime wages for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

49. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

50. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

51. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

As to his FIRST CLAIM brought under the CWCA, Plaintiff respectfully requests an Order from the Court that:

   a. Plaintiff be awarded the wages he is due;

   b. Plaintiff be awarded statutory penalties;

   c. Plaintiff be awarded attorney fees and costs of suit;

   d. Plaintiff be awarded pre-judgment and post-judgment interest; and

   e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his SECOND CLAIM brought under the CMWA, as implemented by the MWO, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded the wages he is due;

b. Plaintiff be awarded attorney fees and costs of suit;

c. Plaintiff be awarded pre-judgment and post-judgment interest; and

d. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his THIRD CLAIM claim brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded unpaid overtime wages;

b. Plaintiff be awarded liquidated damages as required by law;

c. Plaintiff be awarded pre-judgment and post-judgment interest;

d. Plaintiff be awarded costs and attorney fees;

e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
1123 Spruce Street
Boulder, CO 80302
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*